UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT HADEN,

                              Plaintiff,

        v.                                                     9:14-CV-0318
                                                                (GLS/DEP)

KARL HELLINGER et al.
                              Defendants.
_____

APPEARANCES:                                         OF COUNSEL:

FOR THE PLAINTIFF:

ROBERT HADEN
#70751
Plaintiff, pro se
CNY PC
PO Box 300
Marcy, NY 13403

FOR THE DEFENDANTS:

HON. ERIC T. SCHNEIDERMAN              KEVIN M. HAYDEN
New York Attorney General                  Assistant Attorney General
Attorney for Defendants
615 Erie Boulevard West, Suite 102
Syracuse, New York 13204

GARY L. SHARPE
Senior United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

      Plaintiff Robert Haden, who is currently detained at Central New York Psychiatric

Center (CNYPC), commenced this action by filing a pro se civil rights complaint.[1] Plaintiff alleges that defendants, who are treatment aides, nurses, doctors, and administrators/supervisors, used excessive force, retaliated against him, forcefully administered psychotropic medications and denied plaintiff medical treatment with deliberate indifference to his serious medical needs. Dkt. No. 42. On October 23, 2015, defendants moved for summary judgment. Dkt. No. 84. On January 14, 2016, plaintiff filed a response to defendants' motion and moved for a preliminary injunction. Dkt. Nos. 94 and 95. On January 27, 2016, plaintiff filed a motion for appointment of counsel. Dkt. No. 101. Presently before the Court are plaintiff's motion for a preliminary injunction and motion for the appointment of counsel. Dkt. Nos. 95 and 101. Defendants have opposed the motion for injunctive relief. Dkt. No. 103.

## II. DISCUSSION

### A. Motion for Preliminary Injunction

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc*., 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). The standard a court must utilize in considering whether to grant a request for injunctive relief is well-settled in this Circuit. *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35, 38 (2d Cir. 2010). To prevail on a motion for preliminary injunctive relief, a plaintiff must demonstrate irreparable harm and either a substantial likelihood of success on the merits of

---

[1] The amended complaint, Dkt. No. 42, is the operative pleading.

the claim, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *Id*. at 35; *Cacchillo v. Insmed, Inc*., 638 F.3d 401, 405-06 (2d Cir. 2011). However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," "[t]he burden is even higher." *Cacchillo*, 638 F.3d at 406 (internal quotation marks omitted); *see Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996). Thus, a mandatory preliminary injunction "should be issued only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts*., 598 F.3d at 35 n.4 (internal quotation marks omitted).

The district court has wide discretion in determining whether to grant a preliminary injunction. *Moore*, 409 F.3d at 511. The alleged violation of a constitutional right generally satisfies a plaintiff's burden to demonstrate irreparable harm. *Jolly*, 76 F.3d at 482. "However, the moving party must establish that without the preliminary injunction, he will suffer an injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *Amaker v. Fischer*, No. 10-CV-0977A, 2012 WL 8020777, at *2 (W.D.N.Y. Sept. 28, 2012) (citation omitted). Moreover, a finding of irreparable harm cannot be based solely upon past conduct. *Id*.

Here, plaintiff claims that defendant Jason Searcy was recently reassigned to plaintiff's unit. Dkt. No. 95 at 1. Plaintiff alleges that Searcy has been "glaring at [plaintiff]" in an attempt to "frighten" plaintiff. *Id.* at 1. As a result, plaintiff suffers from "flashbacks of all five of the assaults that took place against [him]." *Id.* at 2. Plaintiff also contends that the "staff" illegally confiscated fourteen pairs of plaintiff's pants. *Id.* Plaintiff's request for

3

injunctive relief states in its entirety: "I would like a seperation [sic] put in place between myself and all defendants in this case until it is resolved." Dkt. No. 95 at 2. The injunction sought is mandatory, thus the court will use the "clear and substantial" showing of a likelihood of success standard.

Construing plaintiff's motion in the light most favorable to him as a pro se plaintiff, the Court finds that he has failed to substantiate any allegations of irreparable harm with evidence in admissible form. Plaintiff's general allegations do not include details of any particular incident including dates and location. Indeed, plaintiff's motion lacks any documentation, exhibits, or affidavits lending support to his claims. Plaintiff asserts that he is the victim of past harassment and implies that he will be subjected to future harassment. Plaintiff's fear that he may suffer future harassment is purely speculative and, therefore, patently insufficient to show that he is likely to suffer imminent irreparable harm if the requested relief is not granted. *See, e.g.*, *Slacks v. Gray*, No. 9:07-CV-0501(NAM/GJD), 2008 WL 2522075, at *1 (N.D.N.Y. June 25, 2008) (declining to award injunctive relief because allegations of future injury, without more, do not establish a real threat of injury); *see also Vann v. Fischer*, No. 11-CV-1958, 2012 WL 260233, at *1 (S.D.N.Y. Jan. 26, 2012) (holding that the plaintiff failed to establish irreparable harm with allegations that, on one occasion, the defendant called him an obscene name and on another, the defendant yelled "thanks for the lawsuit"). Plaintiff's allegations are too speculative to establish irreparable harm to justify the extraordinary remedy of injunctive relief. Moreover, plaintiff has not demonstrated, with evidence, a likelihood of success on the merits of his underlying claims, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *See Hancock v. Essential Res., Inc.,* 792 F. Supp. 924, 928 (S.D.N.Y.

1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals.").

Construing plaintiff's motion liberally, plaintiff seeks an order directing "staff members" to return fourteen pairs of "personal pants." Dkt. No. 95 at 2. Plaintiff has not identified the individual(s) or "staff" member(s) responsible for the conduct. The Court has no power to enforce an injunction against individuals who are no parties to the lawsuit. *See* Fed. R. Civ. P. 65(d); *see also Doctor's Assocs., Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir. 1999) (holding portions of injunction issued by federal district court pursuant to Rule 65 enjoining certain nonparties exceeded the scope of district court's authority as such nonparties were not subject to the court's personal jurisdiction). Furthermore, the amended complaint does not contain any allegations relating to plaintiff's personal property and plaintiff cannot establish a likelihood of success on the merits of his underlying claim. *See Mitchell v. N.Y. State Dep't of Corr. Srvs.*, No. 06- CV-6278, 2011 WL 5326054, at *3 (W.D.N.Y. Nov. 3, 2011) (denying relief where the facts underlying the request for injunctive relief are essentially unrelated to the underlying facts of the claims in this action, except for the fact that they arise in the prison context).

Upon review, the Court finds that plaintiff has not made the showing required for the issuance of mandatory injunctive relief. Plaintiff has also failed to demonstrate a likelihood of succeeding on the merits of his claims, or to provide evidence of sufficiently serious questions going to the merits of the claim and a balance of hardships tipping decidedly toward him. *See Covino v Patrissi*, 967 F.2d at 73, 77 (2d Cir. 1992).

For the foregoing reasons, plaintiff's motion for preliminary injunctive relief is denied in its entirety.

**B.     Motion for Appointment of Counsel**[2]

Turning to plaintiff's motion for appointment of counsel, courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).  Instead, a number of factors must be carefully considered by the court in ruling upon such a motion:

> [The Court] should first determine whether the indigent's position seems likely to be of substance.  If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)) (internal quotation marks omitted).  This is not to say that all, or indeed any, of these factors are controlling in a particular case.  Rather, each case must be decided on its own facts.  *Velasquez v. O'Keefe*, 899 F.Supp. 972, 974 (N.D.N.Y. 1995) (citing *Hodge*, 802 F.2d at 621).  Although the constitution guarantees indigent litigants "meaningful access" to the courts, "no court has yet held 'meaningful access' to mean that indigents must always be supplied with counsel in civil as well as criminal cases." *Hodge*, 802 F.2d at 61.  The district court may deny an application for counsel, without prejudice, if it is unable to determine that plaintiff's claims is "likely to be of substance." *Allah v. Michael*, 506 F. App'x 49, 52 (2d Cir. 2012) (citation omitted).

This is plaintiff's third request for appointment of counsel.  Dkt. Nos. 4 and 72.  On

---

[2] Defendants take no position on plaintiff's motion for appointment of counsel.

6

August 7, 2015, the Court issued a Decision and Order (the "August Order") denying plaintiff's second motion for counsel holding that:

> This Court is unaware of any special reason why appointment of counsel *at this time* would be more likely to lead to a just determination of this litigation. The Court therefore finds that, based upon the existing record in this case, appointment of counsel is unwarranted. Plaintiff may only file another motion for appointment of counsel in the event he can demonstrate that, in light of specific changed circumstances, consideration of the above factors warrants granting the application.

Dkt. No. 74 at 4.

In his most recent application, plaintiff asserts that he has been representing himself with the help of another inmate. Dkt. No. 101 at 1. Plaintiff also claims that his facility does not have a law library and thus, he is unable to research the law. *Id.* Plaintiff contends that his case is "on the last leg of summary judgment" and therefore, "counsel at this stage would be appropriate." *Id.*

At this time, the Court finds no "specific" change of circumstance to warrant a departure from the August Order. Defendants' motion for summary judgment is fully briefed and pending before the Court. Plaintiff filed a response to defendants' motion that is over 300 pages in length and includes affidavits and a memorandum of law. Dkt. No. 94. As discussed in the August 2015 Order, plaintiff continues to demonstrate that he is able to effectively litigate this action. Dkt. No. 74 at 3. Plaintiff's application does not indicate that he has been unsuccessful in efforts to obtain counsel on his own. For the reasons set forth in the August Order, plaintiff's motion for appointment of counsel is denied without prejudice to renew after the Court has ruled on the summary judgment motion.

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for preliminary injunctive relief (Dkt. No. 95) is **DENIED**; and it is further

**ORDERED** that plaintiff's motion for appointment of counsel (Dkt. No. 101) is **DENIED without prejudice**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

February 11, 2016
Albany, New York

_/s/ Gary L. Sharpe_
Gary L. Sharpe
U.S. District Judge