**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ROBERT HADEN,**

                **Plaintiff,**                **9:14-cv-318
                                                             (GLS/DEP)**

                **v.**

**KARL HELLINGER et al.,**

                **Defendants.**
_____
**APPEARANCES:**                              **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Robert Haden
Pro se
#70751
CNY PC
PO Box 300
Marcy, NY 13403

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN     AIMEE PAQUETTE
New York State Attorney General      Assistant Attorney General
615 Erie Boulevard West, Suite 102
Syracuse, NY 13204-2465

**Gary L. Sharpe
Senior District Judge**

## <u>ORDER</u>

     The above-captioned matter comes to this court following a Report

and Recommendation by Magistrate Judge David E. Peebles, duly filed on

September 30, 2016. (Dkt. No. 110.) Following fourteen days from the service thereof, the Clerk has sent the file, including any and all objections filed by the parties herein.

No objections having been filed,[1] and the court having reviewed the Report and Recommendation for clear error, it is hereby

**ORDERED** that the Report and Recommendation (Dkt. No. 110) is **ADOPTED** in its entirety; and it is further

**ORDERED** that, because plaintiff failed to provide good cause within fourteen days following the issuance of the Report and Recommendation for his failure to effectuate service upon defendant Santamassino, plaintiff's claims asserted against defendant John Santamassino are **DISMISSED** without prejudice; and it is further

**ORDERED** that defendants' motion for partial summary judgment (Dkt. No. 84) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    **GRANTED** as to the following claims, which are **DISMISSED**:

        (1) Plaintiff's deliberate medical indifference claims asserted against defendants Kaskiw and Farnum;

---

[1] Plaintiff acknowledges receipt of the Report and Recommendation, yet he filed no objections. (Dkt. No. 115 ¶ 2.)

2

(2) Plaintiff's conditions of confinement claims asserted against all defendants;

(3) All claims asserted against defendants Gonzalez, Comstock, Piracha, and Kuntz;

(4) Plaintiff's retaliation claim asserted against defendant Hellinger; and

(5) Plaintiff's damage claims asserted against all defendants sued in their official capacities; and

**DENIED** in all other respects; and it is further

**ORDERED** that the following claims remain for trial:

(1) Plaintiff's excessive force and failure to protect claims asserted against defendants Hellinger, Pavlot, Morgan, and Nowicki related to the incident on February 20, 2012, for damages in their individual capacities, and for injunctive relief in their individual and official capacities;

(2) Plaintiff's excessive force, failure to protect, and retaliation claims asserted against defendants Fical, Searcy, Sill, Simpkins, Farnum, and Nowicki related to the incident on August 20, 2012, for damages in their individual capacities, and

3

for injunctive relief in their individual and official capacities;

(3) Plaintiff's excessive force and failure to protect claims asserted against defendants Hellinger, Morgan, and Nowicki related to the incident on August 24, 2012, for damages in their individual capacities, and for injunctive relief in their individual and official capacities;

(4) Plaintiff's excessive force and failure to protect claims asserted against defendants Box, Paulson, Morgan, and Nowicki related to the incident on September 22, 2012, for damages in their individual capacities, and for injunctive relief in their individual and official capacities;

(5) Plaintiff's excessive force and failure to protect claims asserted against defendants Paulson, Bill and Nowicki related to the incident of June 20, 2013, for damages in their individual capacities, and for injunctive relief in their individual and official capacities;

(6) Plaintiff's deliberate medical indifference claims asserted against defendants Pavlot and Simpkins for damages in their individual capacities, and for injunctive relief in their individual

and official capacities;

(7) Plaintiff's retaliation claims asserted against defendants Searcy, Sill, Fical, and Simpkins related to the incident on August 20, 2012, for damages in their individual capacities, and for injunctive relief in their individual and official capacities; and

(8) Plaintiff's retaliation claim asserted against defendant Box related to the incident on September 22, 2012, for damages in his individual capacity, and for injunctive relief in his individual and official capacity; and it is further

**ORDERED** that this matter is deemed trial ready, a trial scheduling order will be issued in due course and Plaintiff's request for counsel (Dkt. No. 115) will likewise be considered in due course; and it is further

**ORDERED** that the clerk of the court serve a copy of this Order upon the parties in accordance with this court's Local Rules.

**IT IS SO ORDERED.**

October 26, 2016
Albany, New York

Gary L. Sharpe
U.S. District Judge